**Milton WOROSKI, Plaintiff–Appellant,**

v.

**NASHUA CORPORATION, Defendant–Appellee.**

**Albert SKAWINSKI, Plaintiff–Appellant,**

v.

**NASHUA CORPORATION, Defendant–Appellee.**

**Nos. 1399, 1401, Dockets 93–9226, 93–9228.**

United States Court of Appeals, Second Circuit.

Argued April 4, 1994.

Decided Aug. 5, 1994.

---

**24.** Valley Disposal was actually specified as the     moving party.

Jack J. Sissman, Albany, NY, for plaintiffs-appellants.

David J. Wukitsch, Albany, NY, for defendant-appellee.

Before: VAN GRAAFEILAND, McLAUGHLIN, and LEVAL, Circuit Judges.

LEVAL, Circuit Judge:

Plaintiffs, Milton Woroski and Albert Skawinski,[1] brought suit alleging that their employer, the defendant Nashua Corporation, unlawfully terminated their employment by reason of their age in violation of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 *et seq.* The District Court for the Northern District of New York, Neal P. McCurn, *Judge,* granted summary judgment to the defendant finding that plaintiffs had failed to raise triable issues of fact that defendant's decisions were motivated by age. We affirm.

### Background

Woroski and Skawinski were employed at Nashua's manufacturing facility in Watervliet, New York—Woroski as a manufacturing engineer, and Skawinski as a materials coordinator. They had begun working for Norton Company, Nashua's predecessor corporation, in 1961 and 1969 respectively; both became Nashua employees in 1974 when Nashua acquired Norton's Watervliet facility. After the acquisition, Nashua recognized all rights, benefits and seniority of the former Norton employees who continued their employment with Nashua.

Nashua experienced a severe economic downturn in 1989. Corporate sales for the first quarter of 1989 were $1 million below sales for the parallel period in 1988, and were $21 million below budget. Nashua determined that all of its facilities, including the profitable Watervliet division, would make cutbacks to improve the overall profitability of the company. Pursuant to this downsizing plan, 298 Nashua employees were dismissed. Eight of them, including Woroski and Skawinski, were from the Watervliet division.

Robert Geiger, who became the Watervliet plant manager in 1987, was responsible for staff reductions at Watervliet. He met with Robert Nelson, the Watervliet personnel manager, and with various department managers to confer about reductions. They eliminated one or two employees from each of the research and development, finance, engineering, manufacturing and materials management departments.

At the time of their dismissals, on March 24, 1989, Woroski was 52 years of age and Skawinski was 47. Upon the dismissal of Skawinski, his position was eliminated from the materials management department because Geiger, Nelson and the materials management supervisor believed the department could function with three employees instead of four. Two of the remaining employees held positions similar to Skawinski's. All three were 40 or older and enjoyed greater seniority than Skawinski.

Upon Woroski's dismissal, his position was eliminated from the engineering department because Nashua believed Watervliet could function with four full-time engineers instead of five. According to Nashua, Woroski was expendable because the remaining engineers would be able to perform his duties, while Woroski, on the other hand, could perform the duties only of his co-manufacturing engineer, who had 8 years more seniority. The remaining full-time engineers were aged 63, 53, 49 and 45; the other manufacturing engi-

---

1. Although plaintiffs have filed separate appeals, their arguments and the events that form the bases of their claims are virtually identical. We therefore decide their appeals together.

neer (who had greater seniority) was the same age as Woroski.

The average age of the employees dismissed from the Watervliet facility was 37.71. Overall, the effect of the dismissals was to *increase* the average age of the Watervliet work force from 41.50 to 41.95.

On October 3, 1989, Woroski and Skawinski filed complaints with the New York State Division of Human Rights alleging that Nashua terminated their employment on the basis of their age in violation of the New York Human Rights Law. These complaints were dismissed on grounds of administrative convenience when Woroski and Skawinski filed their complaints in the underlying actions in February 1990.

When discovery in this action was complete, Nashua moved for summary judgment. It contended that, primarily on the basis of the information summarized above, it had demonstrated that the dismissals were part of a business-related downsizing, and were not motivated by the plaintiffs' age. In opposing Nashua's motions, plaintiffs relied principally on the testimony of Louis Ethier, a former Nashua employee who had worked with Geiger. Ethier testified that Geiger had been critical of older Watervliet employees. According to Ethier, Geiger stated "on many occasions" that the "salary work force[ ] was older, had been around too long, made too much money and enjoyed too many benefits" and that "what this company needed was new younger people, perhaps people out of college ... that were younger, more aggressive, hungrier, that would have come and not had six weeks vacation ... and in fact could be hired for, you know, half or 70% of what these people ... enjoy." Geiger denied making these comments.

The district court granted Nashua's motions for summary judgment. The court concluded that plaintiffs had failed to raise genuine issues of material fact as to whether Nashua's decisions were motivated by age. This appeal followed.

### Discussion

■ Under the ADEA, an employer may not discharge an employee by reason of his age if that employee is at least 40—but less than 70—years of age. *See* 29 U.S.C. §§ 623(a)(1), 631(a). This prohibition does not bar any discharge based on factors other than age. *See* 29 U.S.C. § 623(f)(1). We analyze ADEA claims under the same framework as claims brought pursuant to Title VII. *See Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121, 105 S.Ct. 613, 621, 83 L.Ed.2d 523 (1985).

■ In order to establish a prima facie case of age discrimination under the standard enunciated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), "a plaintiff must show (1) that he was within the protected age group, (2) that he was qualified for the position, (3) that he was discharged, and (4) that the discharge occurred under circumstances giving rise to an inference of age discrimination." *Spence v. Maryland Casualty Co.,* 995 F.2d 1147, 1155 (2d Cir.1993). *See also Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.,* 964 F.2d 106, 110 (2d Cir.1992) (citations omitted). A plaintiff is not required to show that he was replaced by a younger, newly-hired employee. *See Montana v. First Fed. Sav. & Loan Ass'n,* 869 F.2d 100, 104–05 (2d Cir.1989).

■ Once the plaintiff has made out a prima facie case, the employer is required to offer a legitimate, non-discriminatory business rationale for its actions. *See Spence,* 995 F.2d at 1155; *Maresco,* 964 F.2d at 110. If the employer articulates such a reason, the plaintiff has the burden of proving that his age was the real reason for the discharge. *See Gallo v. Prudential Residential Servs., Ltd. Partnership,* 22 F.3d 1219, 1225 (2d Cir.1994).

■ Summary judgment should not be granted unless the moving party has met its burden of proving through "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, ... that there is no genuine issue as to any material fact...." Fed.R.Civ.P. 56(c). In an employment discrimination case, to defeat a defendant's properly supported motion for summary judgment, a plaintiff must show that there is a material

issue of fact as to whether (1) the employer's asserted reason for discharge is false or unworthy of belief *and* (2) more likely than not the employee's age was the real reason for the discharge. *See St. Mary's Honor Ctr. v. Hicks,* —— U.S. ——, ——, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993); *Gallo,* 22 F.3d at 1225.

■ The district court properly concluded that Skawinski and Woroski established a prima facie case of age discrimination. Both plaintiffs were over 40, were qualified for their positions and were terminated; furthermore, the evidence of Geiger's statements was sufficient to establish a prima facie case satisfying the element of circumstances giving rise to a possible inference of discrimination. We note that the burden on the plaintiff to make out a prima facie case is a modest one.

■ Having found that plaintiffs established a prima facie case, the district court then concluded, and we agree, that Nashua presented sufficient evidence to demonstrate that it discharged Woroski and Skawinski as part of a business-justified company-wide reduction in force, conducted on an unbiased basis. Furthermore, the court found that the selection of Woroski and Skawinski for elimination from their respective departments was justified by neutral factors having nothing to do with age bias, thereby rebutting the inference of discrimination raised with respect to the individual plaintiffs.

Finally, the district court concluded that the totality of the evidence overwhelmingly established a nondiscriminatory motive for plaintiffs' dismissals. It found insufficient evidence in the face of Nashua's proofs to support a determination that Nashua terminated their employment because of their ages, and accordingly granted summary judgment. Although the question is a close one, we believe that the district judge correctly granted summary judgment to the defendant.

First, Nashua demonstrated that the dismissals of the two plaintiffs occurred as a part of a legitimate business-motivated downsizing in which 298 employees were dismissed. There is no evidence whatsoever of age bias as to the company-wide discharge of 290 employees outside the Watervliet facility. And, as to Watervliet, the company proved that the average age of the eliminations was significantly below 40 and that the discharge resulted in an increase of the average age of Watervliet employees. Moreover, because Nashua did not replace Woroski and Skawinski after their termination, it demonstrated that the selection of their departments to suffer a dismissal was properly motivated by the assessment that those departments could function with fewer employees.

As to the selection of plaintiffs for termination within their departments, Nashua showed based on plaintiffs' age and seniority relative to their colleagues in their departments, and based on which employees were capable of doing which jobs in their departments, that Nashua's reasons for terminating plaintiffs were legitimate. As described above, Skawinski's position was eliminated from the materials management department because the department could function with three employees instead of four. The three remaining employees were also 40 or older and enjoyed greater seniority than Skawinski. Woroski's position was eliminated from the engineering department because his department could function with four full-time engineers instead of five. While the remaining engineers—aged 63, 53, 49 and 45— would be able to perform Woroski's duties, he could perform the duties only of his co-manufacturing engineer, who had 8 years more seniority and was the same age as Woroski.

■ We recognize that plaintiffs did advance some evidence of age bias in the testimony about Geiger's statements.[2] But *some*

2. While part of the statements attributed to Geiger indicated age bias, i.e., the comment that reflected the assumption that older employees lack the aggressive and competitive disposition likely to be possessed by younger employees, most of his statements indicate a concern for unjustifiably higher costs associated with employees having greater seniority.

The ADEA does not prohibit an employer from acting out of concern for excessive costs, even if they arise from age-related facts—such as that employees with long seniority command a

evidence is not sufficient to withstand a properly supported motion for summary judgment; a plaintiff opposing such a motion must produce sufficient evidence to support a rational finding that the legitimate, nondiscriminatory reasons proffered by the employer were false, and that more likely than not the employee's age was the real reason for the discharge. *See St. Mary's Honor Ctr. v. Hicks,* —— U.S. ——, ——, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993); *Gallo v. Prudential Residential Servs., Ltd. Partnership,* 22 F.3d 1219, 1225 (2d Cir.1994).

Although the plaintiffs presented some evidence of age bias within the Watervliet facility (not specifically directed toward plaintiffs), the employer has demonstrated (i) a proper business motivation for a large-scale downsizing, (ii) the absence of evidence that the downsizing on an overall basis was in any way infected by age bias, (iii) that the downsizing at Watervliet statistically evidences no targeting of older employees, (iv) that the selection of the plaintiffs' departments was justified by their ability to operate with fewer employees, and (v) that the selection of plaintiffs from among the eligible employees in their departments was based on valid business considerations and not on age. Viewing all of the evidence in the light most favorable to the plaintiffs, we are convinced that no rational jury could find that Nashua's decisions to terminate the plaintiffs were motivated by age bias. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

### Conclusion

The judgment of the district court is affirmed.

higher salary and benefits expensive than new hires. *See Hazen Paper Co. v. Biggins,* —— U.S. ——, —— —— ——, 113 S.Ct. 1701, 1706–07, 123 L.Ed.2d 338 (1993).