**Ross S. KRAEMER, Plaintiff,**

v.

**FRANKLIN AND MARSHALL COLLEGE, Defendant.**

Civ. A. No. 95–0020.

United States District Court, E.D. Pennsylvania.

Nov. 9, 1995.

Carol A. Mager, Joel C. Schochet, Mager, Liebengerg & White, Philadelphia, PA, for Plaintiff.

Christopher W. Mattson, Jennifer Craighead, Barley, Snyder, Senft & Cohen, Lancaster, PA, for Defendant.

## MEMORANDUM & ORDER

HUYETT, District Judge.

Defendant Franklin and Marshall College ("Defendant") has moved to preclude Plaintiff Ross Kraemer ("Plaintiff") from presenting evidence that if she had been awarded a tenure-track faculty position in Biblical Studies, she would have been appointed at the associate level. In addition, Defendant has moved to preclude Plaintiff from introducing evidence that it hired Stephen Cooper instead of the Plaintiff to save money or avoid an early tenure decision.

Plaintiff applied for a tenure-track position in Biblical Studies at Franklin and Marshall College. In deposition testimony, Plaintiff stated that Dean Susanne Woods agreed to support her appointment at the associate level if she was selected for the tenure-track position. The faculty of the Religious Studies Department voted two to one to select Stephen Cooper over the Plaintiff.

Defendant argues that there is no evidence to support Plaintiff's contention that she would have been hired at the associate level because Dean Woods did not have the authority to choose the level at which a candidate would be appointed to a tenure-track position. It also claims that the college's policy is to hire all new professors at the assistant level, regardless of their previous experience. Defendant maintains that Plaintiff's proffered evidence to the contrary is inadmissible under Federal Rule of Evidence 701 because it is opinion testimony not rationally based on the Plaintiff's perceptions. Defendant also argues that any evidence that the college hired Stephen Cooper rather than the Plaintiff to save money or to avoid an

early tenure decision is inadmissible because the Supreme Court has held that factors such as salary savings do not constitute age discrimination and are irrelevant. *See Hazen Paper Co. v. Biggins,* 507 U.S. 604, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993).

Plaintiff contends that she is entitled to testify to her belief that she would have been hired at the associate level, based on Dean Woods' promise to support her appointment at that level. She asserts that there is no evidence to support the college's claim that its policy was to hire all new professors at the entry level. She further states that she will present evidence that the college has hired at the associate level in the past, even when advertisements for the position specified that the college was seeking to hire an assistant professor. Plaintiff takes issue with Defendant's interpretation of *Hazen Paper Co.* She points out that although the Supreme Court held that there is no age discrimination if an employers' decision is "wholly motivated" by factors other than age, it also stated that it did not preclude the possibility that an employer might use factors closely correlated with age to engage in age discrimination. Plaintiff maintains that evidence of the college's use of age-correlated factors in its employment decision is circumstantial, although not independently conclusive, evidence of age discrimination.

Under Federal Rule of Evidence 701, a witness may testify to her opinion if it is "rationally based" on her perception and is "helpful to a clear understanding" of her testimony or the determination of a fact in issue. The rule "requires that the witness have firsthand knowledge of the factual predicates that form the basis for the opinion." *Government of the Virgin Islands v. Knight,* 989 F.2d 619, 629 (3d Cir.1993). It "assumes that the natural characteristics of the adversary system will generally lead to an acceptable result," and relies on cross-examination to show the weaknesses in "broad assertions" of the witness. Fed.R.Evid. 701, Advisory Committee Notes.

The Court finds that Plaintiff has shown she has sufficient firsthand knowledge of facts that would allow her testify to her opinion that she would have been appointed at the associate level if she had been selected for the tenure-track position in Biblical Studies. The fact that Defendant has pointed to contrary evidence as to whether Plaintiff would have been appointed at the associate level does not negate the admissibility of her opinion or other evidence that she would have been hired at the associate level.

In *Hazen Paper Co. v. Biggins,* the Supreme Court held that "when the employer's decision is wholly motivated by factors other than age," it has not engaged in age discrimination, even if the "motivating factor is correlated with age." 507 U.S. at 611, 113 S.Ct. at 1706. The Court noted, however, that an employer might "suppose a correlation between" age and a related factor and use the related factor as a "proxy for age." *Id.* at 613, 113 S.Ct. at 1707. Although the Third Circuit has not ruled on whether an employer engages in age discrimination when it hires a younger worker so that it can pay a lower salary, other circuits have consistently held that *Hazen* means that choosing a younger employee to save money, without more, is not age discrimination. *See Armendariz v. Pinkerton Tobacco Co.,* 58 F.3d 144, 152 (5th Cir.1995) (fact that employee's high salary and fast-approaching eligibility for retirement benefits motivated employer's discharge decision "would not be sufficient alone to support a finding of age discrimination because the ADEA prohibits discrimination on the basis of age, not salary or seniority"); *Bialas v. Greyhound Lines, Inc.,* 59 F.3d 759, 763 (8th Cir.1995) (fact that employer eventually replaced older, higher-paid employees with younger, lower-paid ones "does not in itself support an inference of age discrimination"); *Equal Employment Opportunity Commission v. Francis W. Parker School,* 41 F.3d 1073, 1078 (7th Cir.1994) (finding that "linking wages to experience is an economically defensible and reasonable means of determining salaries" and the EEOC must show that the "salary system is predicated on some stereotype, conscious or unconscious"); *Woroski v. Nashua Corp.,* 31 F.3d 105, 110 (2d Cir.1994) ("[t]he ADEA does not prohibit an employer from acting out of concern for excessive costs, even if they arise from age-related facts—such as

that employees with long seniority command a higher salary and [more] benefits than new hires"); *see also Phillips v. Lehigh Valley Assoc. of Rehabilitation Centers, Inc.,* 66 Fair Emp. Prac. Cases 1676, 1995 WL 27152, at 4 (E.D.Pa.1995) (termination prompted by salary savings does not violate the ADEA, because the "factor motivating the employer is some feature other than the employee's age").

▇ The fact that Defendant may have selected Stephen Cooper over the Plaintiff because he would receive a lower salary and would not be eligible for tenure for several years is insufficient, by itself, to support a finding of age discrimination. The Court holds that Plaintiff may introduce evidence that Defendant chose Stephen Cooper because it wanted to save money or avoid an early tenure decision if it can present evidence that salary or tenure related issues were merely a subterfuge for age discrimination. Without a showing that money or tenure issues were merely a proxy for age, this evidence is irrelevant and would result in confusion of the issues. *See* Fed.R.Evid. 402–403. Because it is not clear from the record whether Plaintiff can produce the requisite evidence, Defendant's motion will be DENIED without prejudice. Defendant may raise the motion at trial if it becomes apparent that Plaintiff cannot produce evidence that saving money and avoiding an early tenure decision were merely pretexts for age discrimination.

For the foregoing reasons, the Court will deny Defendant's Motion in Limine.

An appropriate order follows.