101 F.3d 109
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Roland HORTON and Helen Horton, Plaintiffs-Appellants,
v.
CORNING, INCORPORATED; Katherine Funk, Enrico Giannone,
individually and as employee of Corning, Inc.,
Defendants-Appellees.
 No. 95-7896.
 United States Court of Appeals, Second Circuit.
 March 27, 1996.
 
 APPEARING FOR APPELLANTS: Ronald Paul Hart, Ithaca, N.Y.
 APPEARING FOR APPELLEES: Scott F. Zimmerman, Reed Smith Shaw & McClay, Pittsburgh, PA
 PRESENT NEWMAN, Chief Judge, and FEINBERG and PARKER, Circuit Judges.
 
 
 1
 Appeal from the United States District Court for the Western District of New York (David G. Larimer, Judge).
 
 
 2
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 3
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 4
 Plaintiffs-appellants Roland and Helen Horton appeal from the August 28, 1995, judgment of the District Court granting summary judgment in favor of defendants-appellees Corning, Inc., Katherine Funk, and Enrico Giannone (collectively "Corning") on all of plaintiffs' claims. Roland Horton alleged that he was fired in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et. seq., and the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.. He also pleaded pendent state claims for conversion, trespass, and a violation of the New York State Human Rights Law, N.Y. Exec. Law § 296(1)(a). Helen Horton pleaded a pendent state claim for loss of consortium. On appeal Horton argues that the District Court improperly resolved genuine issues of material fact in granting summary judgment in favor of defendants on his ADEA claim.
 
 
 5
 As a threshold matter, we note plaintiff's misunderstanding of the governing law. Plaintiff argues that summary judgment cannot be granted in a case where plaintiff has met his de minimis burden of establishing a prima facie case of age discrimination. Our previous cases have clearly held that, even if plaintiff states a prima facie case, summary judgment is appropriate if plaintiff fails to establish a genuine issue of material fact "as to whether (1) the employer's asserted reason for discharge is false or unworthy of belief and (2) more likely than not the employee's age was the real reason for the discharge." Woroski v. Nashua Corp., 31 F.3d 105, 109 (2d Cir.1994). Whether a record permits summary judgment depends on the matters plaintiff has placed in issue. Compare Gallo v. Prudential Residential Services, 22 F.3d 1219, 1226 (2d Cir.1994), with Viola v. Philips Medical Systems of North America, 42 F.3d 712, 717 (2d Cir.1994).
 
 
 6
 Corning states that it discharged plaintiff because of its good faith belief that plaintiff falsely reported the number of hours he had worked. That belief was grounded on plaintiff's failure to provide any explanation for the significant discrepancies between the company's badge records and plaintiff's self-reported work hours. It is undisputed that plaintiff failed to refute or explain the discrepancies in his work hours at any time before he was discharged, despite a number of meetings with his supervisors. In light of the legitimate reasons advanced by Corning for plaintiff's discharge, plaintiff was obliged to come forward at the summary judgment stage with sufficient evidence to support a finding that the employer's proffered reasons were pretextual, and that age discrimination was the real reason for the discharge. Woroski, 31 F.3d at 110. We agree with the District Court that plaintiff has utterly failed to meet this burden.
 
 
 7
 Plaintiff argues that there is a genuine issue of material fact as to whether the badge system provided an accurate record of time worked. As the District Court correctly noted, however, that issue is irrelevant. Corning stated that it fired plaintiff not because his badge records did not dovetail perfectly with his reported hours, but because when asked about the significant discrepancy of over 50% between his badge records and self-reported work hours, plaintiff refused to provide any explanation. That refusal supported Corning's good faith belief that plaintiff was falsifying his records, regardless of whether the badge system is an inaccurate record of hours worked. The ADEA prohibits only adverse employment action based on age discrimination; it does not prohibit a discharge based on ill-advised or faulty business judgment. See Dister v. Continental Group, Inc., 859 F.2d 1108, 1116 (2d Cir.1988).
 
 
 8
 Plaintiff also argues that there was a genuine issue of material fact regarding the adequacy of Corning's investigation into his work hours. Katherine Funk, plaintiff's supervisor, reviewed many months of plaintiff's time records, consulted with other senior managers, involved the union, and gave plaintiff numerous opportunities to explain the discrepancies. We agree with the District Court that Corning has presented substantial evidence that its inquiry amply supported the decision to fire Horton. Plaintiff's mere assertion to the contrary is insufficient to defeat a motion for summary judgment. See, e.g., Davis v. Boykin Management Co., No. 91-CV-359E(M), 1994 WL 714547, at * 5 (W.D.N.Y. Dec. 21, 1994).
 
 
 9
 Plaintiff presented no evidence to support his claim that he was unfairly singled out for adverse employment action based on his age. Bert Kohler, the other employee questioned about his time records, was retained because he admitted to his wrongdoing, an option extended to, but rejected by, plaintiff. Although plaintiff contends that other instructors had similarly large discrepancies in their work hours, plaintiff acknowledged in discovery proceedings that he was not similarly situated with any of the other instructors except Kohler. Regardless, plaintiff has not demonstrated that there was any reason for Corning to suspect discrepancies among the time records of the other instructors at the time plaintiff was fired, nor has he offered any reason why Funk, who supervised only plaintiff and Kohler, should have investigated those other instructors. Finally, the fact that plaintiff was replaced by a younger employee does not establish any genuine issue of material fact as to whether Corning's proffered business reason for the discharge was pretextual. See, e.g., Melnyk v. Adria Laboratories, 799 F.Supp. 301, 319 (W.D.N.Y.1992).
 
 
 10
 Plaintiff presents no arguments with respect to his other claims. We affirm the judgment of the District Court in its entirety.