101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Peter A. RYAN, Plaintiff-Appellant,
v.
NEW YORK CITY DEPARTMENT OF CORRECTIONS, Defendant-Appellee.
 No. 95-9225.
 United States Court of Appeals, Second Circuit.
 June 10, 1996.
 
 Appearing for Appellant: Peter A. Ryan pro se, Flushing, NY.
 Appearing for Appellee:Julian L. Kalkstein, Ass't Corp. Counsel, N.Y., NY.
 S.D.N.Y.
 AFFIRMED.
 Present: KEARSE, WINTER, CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by plaintiff pro se and submitted by counsel for defendant.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Plaintiff pro se Peter A. Ryan appeals from a judgment of the United States District Court for the Southern District of New York, John F. Keenan, Judge, dismissing his complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging that he was denied employment by defendant Department of Corrections ("DOC") because of his race. The district court granted summary judgment in favor of DOC on the ground that it had produced abundant legitimate, nondiscriminatory reasons for not hiring Ryan and that, even if Ryan had established a prima facie case of discrimination, he failed to produce any evidence to rebut those reasons. We affirm.
 
 
 4
 Though the burden of proof that must be met to permit an employment-discrimination plaintiff to defeat a summary judgment motion at the prima facie stage is " de minimis," see, e.g., Cronin v. Aetna Life Insurance Co., 46 F.3d 196, 204 (2d Cir.1995); Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 37 (2d Cir.1994); Dister v. Continental Group, Inc., 859 F.2d 1108, 1114 (2d Cir.1988), summary judgment is appropriate if, after a prima facie case is established, the defendant advances legitimate, nondiscriminatory reasons for its employment decision, and the plaintiff fails to produce sufficient evidence to support a rational finding that those reasons were false and that more likely than not an invidious classification was the real reason for the employment decision. See generally Goenaga v. March of Dimes Birth Defects Foundation, 51 F.3d 14, 18-19 (2d Cir.1995); Woroski v. Nashua Corp., 31 F.3d 105, 110 (2d Cir.1994). In the present case, Ryan presented only undocumented statistics, which may not have sufficed to meet even his de minimis burden of showing a prima facie case. He produced nothing to dispute the facially valid reasons advanced by DOC for not hiring him. Accordingly, we affirm the judgment substantially for the reasons stated in Judge Keenan's Opinion and Order of October 10, 1995.
 
 
 5
 We have considered all of Ryan's arguments on this appeal and have found them to be without merit.
 
 
 6
 The judgment of the district court is affirmed.