**James A. SORENSON, Plaintiff,**

v.

**BURNS CASCADE CO., a Division of BURNS BROTHERS MANUFAC- TURING CO., INC., Defendant.**

**No. 95–CV–212C(M).**

United States District Court, W.D. New York.

Sept. 23, 1996.

Phillips, Lytle, Hitchcock, Blaine & Huber (James R. Grasso, of counsel), Buffalo, NY, for Plaintiff.

Bond, Schoeneck & King, L.L.P. (Thomas J. Grooms, of counsel), Buffalo, NY, for Defendant.

## BACKGROUND

CURTIN, District Judge.

Plaintiff James A. Sorenson was 54 years old when he was fired by the defendant Burns Cascade, a division of Burns Brothers Manufacturing, Inc. Plaintiff commenced this action on March 15, 1995 alleging age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and the New York Human Rights Law (N.Y.Executive Law § 290 et seq.) ("NYHRL"). Before commencing this action, plaintiff filed a charge of discrimination with the EEOC on or about October 31, 1994, which the EEOC cross-filed with the New York State Division of Human Rights. Item 8, Ex. A.

Defendant now moves for summary judgment. Plaintiff cross-moves for summary judgment as to defendant's affirmative defenses.

Burns Cascade was formed in September 1991 to sell certain industrial pipes and valves to the Buffalo market. These products were manufactured by the Neles Jamesbury Company. In order to gain immediate access to Neles Jamesbury customers, David Pollack, the president of Burns Cascade, asked Neles Jamesbury representatives for recommendations. These representatives suggested that Pollack hire plaintiff and William Jennings, who were then working for Great Lakes Plumbing and Supply, a company already selling Neles–Jamesbury products in the Buffalo area. Item 14, pp. 4–5.

Plaintiff and Mr. Jennings were subsequently hired to start the Burns Cascade operation in Buffalo. Jennings was hired as manager of the Pipe, Valve and Fittings Group of the Buffalo office at an annual salary of $83,000. Plaintiff was hired as a sales representative at a salary of $66,500 per year. Item 7, p. 4. Both Jennings and plaintiff were 52 years old on the date they were hired. Item 7, p. 3.

On June 29, 1994, Pollack fired plaintiff and Jennings, stating that Burns Cascade was losing money. Item 14, p. 6. Before firing them, Pollack hired Christopher Louisos, who was 32 years old at the time, to replace plaintiff and Jennings. Louisos had limited experience selling industrial pipes and valves, and was hired at an annual salary of $38,000. *Id.,* p. 4.

## DISCUSSION

### I. Plaintiff has not shown that employer's age-neutral explanation is a pretext.

▉ To establish a claim under the ADEA, plaintiff must first present a prima facie case of age discrimination. *Woroski v. Nashua Corp.,* 31 F.3d 105, 108 (2d Cir.1994). To establish a prima facie case, plaintiff must show: " '(1) that he was within the protected age group, (2) that he was qualified for the position, (3) that he was discharged, and (4) that the discharge occurred under circumstances giving rise to an inference of age discrimination.' " *Id.* (quoting *Spence v. Maryland Casualty Co.,* 995 F.2d 1147, 1155 (2d Cir.1993)). Once the plaintiff has established a prima facie case, the employer must offer a legitimate, non-discriminatory business rationale for its actions. *Id.* If the employer gives an age-neutral reason for the termination, plaintiff must bear the burden of proving that the employee's age was the actual reason for the discharge. *Id.* The burden of establishing a prima facie case is a modest one, "but it has substance nevertheless." *Viola v. Philips Medical Systems of North America,* 42 F.3d 712, 716 (2d Cir. 1994).

▉ Plaintiff satisfies the prima facie requirement: he was 54 on the date he was fired, defendant does not dispute that plaintiff was qualified for the position, plaintiff was discharged, and his replacement was just 32 years old. Although plaintiff does not offer much support for his theory, these facts taken together could permit a reasonable inference of age discrimination.

### A. Defendant's explanation

Defendant maintains that plaintiff was terminated because (1) plaintiff was unsuccessful in meeting the goals he was hired to achieve, (2) given his high salary, it was not economically beneficial for the company to employ him and (3) the company was changing the focus of its sales efforts outside plaintiff's area of experience. Item 7, p. 9. Defendant's production of a non-discriminatory reason for its action rebuts the presumption of discrimination created by the prima facie showing. *Viola,* 42 F.3d at 717.

### B. Plaintiff has not alleged facts sufficient to show that defendant's explanation is pretextual.

To defeat a motion for summary judgment in the face of the employer's neutral explanation, the plaintiff must "produce sufficient evidence to support a rational finding that the legitimate, nondiscriminatory reasons proffered by the employer were false, and that more likely than not the employee's age was the real reason for the discharge." *Woroski,* 31 F.3d at 110.

▉ Plaintiff alleges a number of facts in an effort to meet this burden. Plaintiff states that the company never offered him the opportunity to take a pay cut or work increased hours rather than be fired. Item 14, p. 16. Plaintiff also states that he was never given any sales goals, that his job performance was never criticized, that he was never warned that his job was in danger, that the only explanation that he ever received for his termination was that the company had lost money, and that his performance was satisfactory and poor sales were due to other factors, including customers' concerns about Burns Cascades' ability to deliver goods on time, and a general recession. Item 14, pp. 10–14. Plaintiff also claims the company never changed its sales focus.

Taking all these allegations as true, plaintiff has still not made a showing of any likelihood that the "nondiscriminatory reasons proffered by the employer were false." Even if plaintiff's salary was not above market rate, and poor sales were not his fault, he does not dispute that the Burns Cascade division was a financially disappointing ven-

ture. Consequently, his allegations are not inconsistent with defendant's explanation that in the face of weak financial performance, the company took the opportunity to reshape its cost structure by cutting its payroll from $149,000 per year to $38,000 per year. Many companies fire and replace employees at high salaries rather than offer them pay cuts, on the theory that such cuts result in low morale and decreased productivity. In addition, even if the absence of sales goals, lack of performance criticism, and the hiring of an inexperienced replacement amounted to poor management, they do not tend to show that defendant's explanation is a pretext.

Moreover, the court notes that it is difficult to believe that where Pollack hired plaintiff at age fifty-one, and fired him less than two years later, Pollack had suddenly developed an aversion to older people. As defendant points out, " '[w]hen the hirer and firer are the same individual, there is a powerful inference relating to the 'ultimate question' that discrimination did not motivate the employer ... [and] that the employer's stated reason for acting against the employee is not pretextual.' " Item 7, p. 12 (quoting *Proud v. Stone*, 945 F.2d 796, 798 (4th Cir.1991)).

Plaintiff has offered no evidence on which a rational factfinder could conclude that defendant's explanation was a pretext, and that defendant's true intent was to terminate plaintiff because of his age. Rather, all the events alleged "are fully consistent with the conduct of non-discriminatory business affairs, and there is no evidence that casts these events in any other light." *Viola*, 42 F.3d at 717. Stated simply, there is every indication that plaintiff was fired because his employer felt his salary was too high.

### CONCLUSION

For the reasons stated above, defendant's motion for summary judgment is granted, and the case is dismissed. Consequently, the court does not consider defendant's affirmative defenses.

So ordered.