**Sylvan D. ROSE and Orville Sterling a/k/a Irving Sterling, Plaintiffs,**

**v.**

**MENDON LEASING CO., Defendant.**

**No. 93–CV–4354 (FB).**

United States District Court, E.D. New York.

July 18, 1997.

Charmaine M. Stewart, Charmaine M. Stewart & Associates, Elmont, NY, for Plaintiffs.

Robert H. Britton, Jackson, Lewis, Schnitzler & Krupman, Woodbury, NY, for Defendant.

### MEMORANDUM AND ORDER

BLOCK, District Judge:

Plaintiffs Sylvan D. Rose ("Rose") and Orville Sterling ("Sterling"), two African–American males, commenced this action against their former employer, defendant Mendon Leasing Co. ("Mendon"), alleging, *inter alia,* racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and 42 U.S.C. § 1981.[1] Presently before the Court is Mendon's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, the Court grants defendant's motion as to the federal law claims and dismisses plaintiffs' complaint in its entirety.

### BACKGROUND

Rose worked as a mechanic at Mendon's garage, located at 362 Kingsland Avenue, Brooklyn, New York, from April 13, 1982 until May 11, 1992, when Mendon terminated his employment. Sterling, also employed by Mendon, was a yard attendant at the same facility from 1983 until May 11, 1992, when Mendon terminated his employment as well. Mendon's proffered reason for terminating Rose and Sterling was that they and two other employees, who were also terminated, had stolen gasoline from company pumps.

In their complaint, Rose and Sterling admit that they took the gasoline at issue, but claim that they had a legitimate work-related purpose for taking the gasoline: namely, to clean their tools and run some machines, which they claim was a customary practice at Mendon. Plaintiffs contend that their race was the real reason for their termination, as evidenced by the fact that other employees, who were Caucasian, had engaged in similar conduct but had not been disciplined. Mendon disputes this version of the facts and argues that in a similar recent incident two Caucasian employees were fired for engaging in comparable activity.

As was required by a collective bargaining agreement, Mendon notified the union of plaintiffs' termination, communicated the reasons for their termination, and showed union representatives a copy of a video surveillance tape which had recorded plaintiffs' allegedly wrongful activity. The union thereafter declined to arbitrate on plaintiffs' behalf. The union did, however, decide to arbitrate on behalf of the shift manager, not a party to this suit, who was also fired in connection with the same incident but was not directly implicated. The union lost its case before the arbitrator.

Mendon has moved for summary judgment claiming that its proffered reason for terminating plaintiffs was legitimate and that plaintiffs have produced no evidence of racial discrimination. Plaintiffs filed a memorandum of law in opposition to the motion, contending that: (1) summary judgment is not

---

**1.** Rose and Sterling's complaint invokes the Court's supplemental jurisdiction by bringing state law claims for breach of contract, as well as intentional and/or negligent infliction of emotional distress.

appropriate since they have produced evidence of disparate treatment between Caucasian and African–American employees; and (2) the reason for termination proffered by the defendant was a pretext for discrimination.

## DISCUSSION

### A. Summary Judgment Standard

A court may grant summary judgment only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Accordingly, the Court's task is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *see Skubel v. Fuoroli,* 113 F.3d 330, 334 (2d Cir.1997). Summary judgment is inappropriate when, in resolving all ambiguities as well as inferences in favor of the nonmoving party, there exists a dispute about a material fact "such that a reasonable juror could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510.

To survive a motion for summary judgment, however, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). There must be some material in the record which favors the nonmoving party; thus, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2511 (citations omitted).

### B. Discrimination Claims

Claims of discrimination under Title VII are subject to the well-established three-step burden shifting analysis first articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36

L.Ed.2d 668 (1973). *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506–08, 113 S.Ct. 2742, 2746–48, 125 L.Ed.2d 407 (1993); *see also de la Cruz v. New York City Human Resources Admin. Dep't of Soc. Servs.,* 82 F.3d 16, 20 (2d Cir.1996).[2] Initially, the Court must determine whether plaintiffs have alleged facts sufficient to establish a *prima facie* case of employment discrimination. *See Holt v. KMI–Continental, Inc.,* 95 F.3d 123, 129 (2d Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1819, 137 L.Ed.2d 1027 (1997). The quantum of proof necessary to establish *a prima facie* case of employment discrimination is *de minimis. See Woroski v. Nashua Corp.,* 31 F.3d 105, 108–09 (2d Cir.1994). If that burden is met, defendant then has the burden of producing evidence of a legitimate, nondiscriminatory reason for terminating plaintiffs' employment. *See Gallo v. Prudential Residential Servs., Ltd.,* 22 F.3d 1219, 1226 (2d Cir.1994). Once that burden is met, each plaintiff must then prove by a preponderance of the evidence that an impermissible factor, such as race, motivated the adverse employment decision. *See Fields v. New York State Office of Mental Retardation and Developmental Disabilities, 115* F.3d 116, 119 (2d Cir.1997).

To establish a *prima facie* case of race discrimination, plaintiffs must demonstrate that: (1) they were members of a protected class, (2) they performed their work satisfactorily, (3) they were terminated, and (4) their termination occurred under circumstances that gave rise to an inference of discrimination. *See McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824; *Hargett v. National Westminster Bank,* 78 F.3d 836, 838 (2d Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 84, 136 L.Ed.2d 41 (1996). The Court determines that the plaintiffs' allegations are sufficient to demonstrate a *prima facie* case of employment discrimination.

■ Thus, the burden shifts to Mendon to proffer a legitimate, nondiscriminatory reason for terminating plaintiffs' employment. The Court determines that Mendon has met

---

**2.** Since it is well-settled that claims under 42 U.S.C. § 1981 are to be resolved under the same analytical framework as Title VII claims, *see Taitt v. Chemical Bank,* 849 F.2d 775, 777 (2d Cir.1988), the Court's disposition of the Title VII claim will apply with equal force to the § 1981 claim.

its burden of production on this issue. Plaintiffs admit that they took the gasoline and/or diesel fuel for which they were dismissed. In addition, Mendon has submitted to the Court a copy of the video surveillance taken at the time of the incident, which shows the plaintiffs taking gasoline. The video also shows the plaintiffs turning off the meter on the gas tank before pumping the gas and reconnecting the meter after taking the gas. Although plaintiffs claim that they took the gasoline for legitimate work-related activity, an affidavit by the General Manager of Mendon, Kenneth J. Liva ("Liva"), states that it was against company policy to use gasoline for cleaning tools, and that Mendon contracted with various companies to clean equipment and tools. Plaintiffs' conclusory claim is insufficient to overcome the undisputed facts supporting Mendon's proffered reason for termination. The Court also notes that the plaintiffs' union's decision not to arbitrate on their behalf, after seeing the videotape of the alleged incident, supports Mendon's legitimate, nondiscriminatory reason for terminating plaintiffs' employment.

■ Since Mendon has offered a legitimate reason for terminating plaintiffs' employment, Rose and Sterling must prove that race motivated Mendon's decision to terminate their employment.[3] Neither plaintiff has submitted any evidence of discrimination. Instead, plaintiffs make the conclusory allegation that Mendon failed to fire Caucasian employees who had engaged in the same activity. The Second Circuit has made it clear that "[p]urely conclusory allegations of discrimination, absent any concrete particulars," will be insufficient to withstand defendant's summary judgment motion. *Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir.1985); *see Gottlieb v. County of Orange,* 84 F.3d 511, 518 (2d Cir.1996). At his deposition, Rose failed to identify any Caucasian employee

who was involved in or accused of this type of activity who had not been dismissed. In fact, at his deposition, when asked, "Were there any whites who were not terminated for engaging in the same activity as you?," Rose answered "No." Rose Dep. at 27. Sterling similarly failed to set forth specific facts at his deposition. Sterling stated that one Caucasian employee, whose name he could not recall, had engaged in the same alleged misconduct and was not fired. But when asked, "how do you know that this white employee was engaged in this same alleged misconduct?," Sterling responded that "the so called alleged misconduct is conducted by everybody that works at Mendon." Sterling Dep. at 34. Sterling has offered nothing more than this blanket allegation to support his contention that a Caucasian employee had taken gasoline and had not been terminated for doing so. The Court notes that all employees on the video surveillance tapes seen taking gasoline, two of whom were not African–American, were fired and, furthermore, that an African–American employee on the same shift was not fired since he did not appear on the surveillance video engaging in the alleged wrongful activity. Plaintiffs' failure to identify any worker at Mendon who engaged in the taking of gasoline without being terminated would preclude any reasonable juror from finding for plaintiffs on the issue of whether race was a motivating factor in the termination decisions. Plaintiffs' conclusory allegations are therefore insufficient to raise a genuine issue of material fact for trial.

The Court also notes that, contrary to plaintiffs' claims, Mendon's affidavits state that approximately one month prior to the incident involving Rose and Sterling, Mendon discharged three employees, two of whom were Caucasian, for the same alleged misconduct based on similar videotape evidence.

---

**3.** The Second Circuit has recently clarified that a Title VII plaintiff need not prove that an employer's proffered reason for termination was a pretext for discrimination. *Fields,* 115 F.3d at 121 (Title VII plaintiffs "need not prove that the employer's proffered explanation was pretextual"). Rather, it is sufficient for a plaintiff to prove that the impermissible factor, e.g., race, "was a substantial motivating reason for the adverse employment actions of which he com-

plained." *Id.* The *Fields* court did recognize, however, that in "single issue motivation cases" a finding that race was a factor in employment decision necessarily proves that the employer's proffered reason was pretextual. *Id.* at 120. In any event, the distinction between pretext and motivating factor is of no consequence in this case because plaintiffs have failed to come forth with any evidence of discrimination.

Under these circumstances, no reasonable juror could find that Mendon treated its employees disparately on the basis of race.

Plaintiffs also allege, without any support, that Mendon altered the video surveillance tapes to delete material showing a Caucasian employee, identified by plaintiffs as Greg Ricardo, also taking gasoline. Ricardo, according to plaintiffs, was not fired despite his misconduct. However, plaintiffs have failed to offer any evidence to support this tampering claim and affidavits submitted on behalf of Mendon deny such allegations; indeed, Ricardo's name was not mentioned by either plaintiff during their depositions. Furthermore, Liva's affidavit states that Ricardo did not even work on the same shift as plaintiffs and therefore could not have been on the tape. Liva also affirms that there was no tampering with the videotape.

Although plaintiffs allege that an employee of Mendon made racial remarks to them when they returned to pick up some tools from the garage, this contention is insufficient to defeat the summary judgment motion. Even if such remarks were made, Mendon has submitted affidavits stating that this employee had no part in deciding whether or not to fire plaintiffs, and that the alleged statements were made after plaintiffs were dismissed.

Summary judgment in favor of Mendon is therefore appropriate because plaintiffs have failed to put forth adequate evidence to raise a triable issue on whether race was a "substantial motivating reason" for Mendon's decision to terminate their employment. *Fields,* 115 F.3d at 121.

### CONCLUSION

For the foregoing reasons, the Court grants Mendon's motion for summary judgment in respect to the Title VII and § 1981 claims. Since the sole source of federal jurisdiction over this case was Rose and Sterling's Title VII and § 1981 claims, the Court declines to exercise supplemental jurisdiction over their remaining state law claims. 28 U.S.C. § 1367(c)(3) (district courts may decline supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction"); *see Choe*

*v. Fordham Univ. Sch. of Law,* 81 F.3d 319, 319 (2d Cir.1996). Accordingly, the Court dismisses plaintiffs' complaint in its entirety.

**SO ORDERED.**