Robert VAUGHN, Plaintiff–Appellant,

v.

AMERICAN TELEPHONE & TELEGRAPH COMPANY, Defendant–Appellee,

Communication Workers of America, Communication Workers of America, Local 1105, AT&T Corp., Consolidated–Defendants–Appellees.

No. 02–7107.

United States Court of Appeals, Second Circuit.

Feb. 26, 2004.

Harold M. Weiner, New York, NY, for Plaintiff–Appellant.

John D. Geelan (Rachel H. Yarkon, on the brief, Laura Kaster and C. Michele

Kirk), Kaye Scholer, LLP, New York, NY, for Defendant–Appellee AT&T, of counsel.

Christine Norum, (Carolyn Zapanta, on the brief), Semel, Young & Norum, New York, NY, for Consolidated–Defendants–Appellees Communication Workers of America.

Present: WESLEY, Circuit Judge, PAULEY III, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the District Court be **AFFIRMED.**

Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues. After undertaking *de novo* review of the district court order granting AT&T partial summary judgment and Communication Workers of America ("CWA") summary judgment, we agree with, and affirm, the district court's thoughtful and thorough analysis. *See Vaughn v. American Telephone and Telegraph Corp.*, 2000 WL 710053, 2000 U.S. Dist. LEXIS 9389 (S.D.N.Y.2000).

A motion for summary judgment may be granted only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A motion for summary judgment may be defeated by the non-moving party if that party produces sufficient specific facts to establish that there is a material issue of fact for trial. *See Montana v. First Federal Sav. & Loan Ass'n of Rochester*, 869 F.2d 100, 103 (2d Cir.1989). The role of the court on such a motion "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Knight v. United States Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir.1986). Moreover, in assessing the record, the court must resolve all ambiguities and draw all inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ Defendant AT&T satisfied its burden of proffering legitimate, nondiscriminatory reasons for plaintiff's suspension and termination. *See Vaughn*, 2000 WL 710053, ——, 2000 U.S. Dist. LEXIS 9389, at *17. The record clearly, and without contradiction, establishes Vaughn was suspended for three days in December 1994 after he behaved in an insubordinate manner during a company meeting. The record also indicates he was terminated in February 1995 after AT&T's security department determined he had been engaging in a loan-shark operation on AT&T premises, in violation of the company's Code of Conduct. Vaughn has not produced any evidence showing the legitimate reasons proffered by AT&T were false. *See Woroski v. Nashua Corp.*, 31 F.3d 105, 110 (2d Cir.1994). Consequently, summary judgment in favor of defendant AT&T, on plaintiff's claim that he was terminated in violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., was proper. Similarly, because Vaughn failed to proffer any evidence that his termination violated his rights under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111–12117, summary judgment in favor of AT&T with respect to this claim was also appropriate.

---

* The Honorable William H. Pauley III, of the United States District Court for the Southern District of New York, sitting by designation.

The Honorable Wilfred Feinberg, originally a member of the panel sitting on January 6, 2004, recused himself from consideration of this petition. The remaining members of the panel, who are in agreement, have decided the case pursuant to 2d Cir. R § 0.14(b).

As to consolidated-defendants CWA, Vaughn has failed to make out a prima facie case that CWA violated either Title VII or the ADA while acting as his representative in the grievance process. To establish a prima facie claim of discrimination against a union in connection with grievance representation, a plaintiff is required to show that: (1) the company committed a violation of the collective bargaining agreement with respect to plaintiff; (2) the Union permitted that breach to go unrepaired, thus breaching its own duty of fair representation; and (3) there was some indication that the Union's actions were motivated by discriminatory animus. *See Ross v. Communication Workers of America, Local 110,* 1995 WL 351462 (S.D.N.Y.1995), *aff'd,* 100 F.3d 944 (2d Cir. 1996), *cert. denied,* 519 U.S. 835, 117 S.Ct. 108, 136 L.Ed.2d 61 (1996). CWA handled Vaughn's grievances with vigorous advocacy and thoroughly considered his internal appeals. Moreover, there is no evidence to support Vaughn's claim that CWA discriminated against him based on race, national origin, religion, or disability.

■ The district court's decision to grant summary judgment in favor of CWA on Vaughn's claim of a breach of fair representation was also proper. Vaughn's hybrid claim under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and for fair representation involves two separate claims: (1) the company breached the collective bargaining agreement ("CBA"); and (2) the union breached its duty of fair representation. *See DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 164–65, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Because these claims are "inextricably interdependent," *id.* at 164 (quotation marks and citation omitted), appellant has the burden of establishing both that

AT&T breached the CBA and that CWA breached its duty of fair representation. Vaughn has not provided any evidence that CWA breached its duty of fair representation.[1]

A union breaches it duty of fair representation only when its conduct is arbitrary, discriminatory, or in bad faith. *See Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). A union member does not have an absolute right to have a grievance arbitrated. Rather, a union's decision to settle or proceed to arbitration is a discretionary determination to be made by the union and does not breach the duty of fair representation. *See id.* at 191. Absent a showing that the union's conduct was arbitrary, discriminatory, or in bad faith, the court should not second-guess the union's decision not to pursue arbitration. *See Smith v. Drug, Chemical, Cosmetic, Plastics and Affiliated Indus. Warehouse Employees Local 815,* 943 F.Supp. 224, 242 (E.D.N.Y.1996). Vaughn alleges that CWA's decision not to arbitrate his grievances is indicative of bad faith. However, he has made no such showing and provides no evidence to support his conclusory allegations.

■ Plaintiff also alleges that his claims were improperly handled by the district court in light of his *pro se* status and that the district court had an obligation, *sua sponte,* to order a psychiatric evaluation. Both claims are without merit. It is well understood that a party's status as a *pro se* litigant does not insulate him from summary judgment when warranted. *See, e.g., Sitkiewicz v. Initial Services U.S.A.,* 1999 WL 728643 at *3 (S.D.N.Y.1999). The record demonstrates Vaughn's claims were accorded appropriate judicial attention. In fact, even when represented by counsel, Vaughn sought and received special latitude from the district court. Lastly, the

---

1. Thus we need not reach the issue of whether AT&T breached the CBA.

district court had no obligation *sua sponte* to order that Vaughn receive a psychiatric evaluation or to consult experts on mental illness. *See, e.g., Ferrelli v. River Manor Health Care Ctr.,* 323 F.3d 196, 201 (2d Cir.2003) (finding that in the context of Federal Rule of Civil Procedure 17, a judge has no obligation to inquire *sua sponte* into a *pro se* plaintiff's mental competence even when plaintiff's behavior may suggest mental incapacity).

For the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**