No. 85–1435. LITTLE *v.* FIRST BAPTIST CHURCH, CRESTWOOD. Cir. Ct., City of Chesapeake, Va. Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

In this case a state court conducted an election to determine whether petitioner, who was previously elected pastor of the First Baptist Church, Crestwood (Church), is still entitled to serve as pastor. I believe that such an action threatens to erode the First Amendment's prohibitions against entanglement between religious and secular authority, and I would therefore grant the petition for certiorari.

I

In December 1982 petitioner was elected pastor of the Church. The Church is congregational or self-governing, as opposed to associational or hierarchical, which refers to churches that are part of and governed by a larger organization. See generally *Watson* v. *Jones*, 13 Wall. 679, 722–728 (1872). During 1984 petitioner and certain members of the Church became involved in a dispute. Respondents, individual members of the Church, then filed this action for an injunction, claiming to act on behalf of the Church. Respondents alleged that at a duly held meeting of the

congregation, a majority had voted to terminate petitioner's employment. Petitioner's answer disputed respondents' authority to initiate the action on behalf of the Church.

The trial court, based only on the pleadings, temporarily enjoined petitioner from entering the Church premises and appointed a commissioner to hold an election of the congregation. After the commissioner had held the election and certified to the court that a majority had voted to fire petitioner, the court permanently enjoined petitioner from entering Church property or interfering in Church affairs.

## II

Because religious organizations may own property and enter into contracts, it is inevitable that they will become involved in legal disputes. However, where the use of property or the terms of contracts necessitate reference to ecclesiastical principles or authority, courts must exercise extreme care to avoid taking sides on matters of religious belief. This Court set down the basic framework for such situations over 100 years ago, in *Watson, supra.* Although it has undergone some refinements, see, *e. g., Jones* v. *Wolf,* 443 U. S. 595 (1979), the *Watson* approach is simple. A court may apply neutral principles of secular law to the dispute at hand. When that process requires a court to determine the validity of a church decision, the court ordinarily must discern from the relevant canonical law what body is authorized to make a particular decision within the church, and what decision that body has reached. Having done so, the court may not inquire whether the decision was made arbitrarily or whether it conflicts with the ecclesiastical precepts of the organization. *Serbian Eastern Orthodox Diocese* v. *Milivojevich,* 426 U. S. 696 (1976); *Maryland and Virginia Eldership* v. *Church of God at Sharpsburg, Inc.,* 396 U. S. 367, 368 (1970) (BRENNAN, J., concurring).

In the present case the trial court clearly did not follow this method; indeed it imposed its own view of proper procedures on the congregation's decisionmaking. The court took respondents' word that they represented the Church without any evidence, although petitioner contested the fact. The court made no inquiry into whether the alleged meeting at which petitioner was fired actually took place, whether a quorum was present, or how the members voted. Lacking any evidence that the authorized decisionmaker had acted, the court induced a decision on its own initiative.

This participation in the decisionmaking of an ecclesiastical body is both dangerous and unwarranted. Courts have no business "helping" a religious organization to make its wishes known. The court in this case should have limited its inquiry to the terms of petitioner's employment contract and to whether the Church had taken the actions requisite to terminating that contract. If the authorized body had indeed terminated petitioner's employment, then the court could validly have taken steps to enforce the Church's right to keep petitioner off Church property. Until respondents, who bore the burden of proof, demonstrated that such termination had taken place, the court's only proper response was to do nothing. Because the trial court instead plunged directly into the dispute, heedless of the severe risk of entanglement in religious affairs, I dissent from this Court's denial of certiorari.