**Edward J. BUCKLEY, Plaintiff,**

v.

**CITY OF SYRACUSE, Defendant.**

Nos. 96–CV–402, 96–CV–403, 96–CV–553.

United States District Court,
N.D. New York.

Dec. 1, 1998.

Edward J. Buckley, Syracuse, NY, pro se.

Joseph E. Lamendola, Corporation Counsel, City of Syracuse, Syracuse, NY (Carla T. Rutigliano, of counsel), for Defendant.

## MEMORANDUM–DECISION AND ORDER

MCCURN, Senior District Judge.

### INTRODUCTION

Plaintiff Edward Buckley brings suit against his former employer, the City of Syracuse, alleging that he was discharged from his employment with the City because of his age.[1] The City moves for summary judgment on each of the plaintiff's claims. For the reasons set forth below, the City's motion is granted as to each.

### BACKGROUND

Plaintiff was formerly employed as a dispatcher for the City of Syracuse Department of Parks and Recreation. On November 6, 1990, Syracuse's voters chose by referendum to uphold the City's charter, which required employees and officers to reside within the confines of Syracuse. *See* Syracuse City Charter § 8–112. Plaintiff was aware of the outcome of this referendum. *See* Pl.'s Dep. at 18. At the time of the referendum, plaintiff lived within the City. *See id.* at 17–18.

Plaintiff then requested a waiver of the residency requirement from the Syracuse Common Council. *See* Rutigliano Aff. Ex. K. This waiver was never acted upon. *See* Pl.'s Dep. at 28–29. The parties dispute the reason that the waiver was not granted.[2] Plaintiff then moved to a residence outside Syracuse. *See* Pl.'s Resp. to Interrogs. at ¶ 33; Pl.'s Dep. at 17. However, plaintiff established what he thought was a "legal residence" within the City, by asking his friends if he could use their Syracuse address to put on his driver's license, bank statements, and voter registration. *See* Pl.'s Dep. at 23–28. Yet, plaintiff stated in his deposition that he never lived at the Syracuse address, and admitted that he did not pay for rent, utilities or phone. *See id.* at 23, 27–28.

In June of 1992, the City sent plaintiff a letter seeking proof of his residency. *See* Thompson Aff. at ¶ 4; Thompson Aff. Ex. A. Unsatisfied with his response, the City held a hearing to determine whether plaintiff was living within Syracuse, as required. *See id.* at ¶ 5. Upon a determination that plaintiff was not, in fact, living within the City, plaintiff was discharged from his job. *See id;* Rutigliano Aff. Ex. L. At the time of plaintiff's dismissal, he was fifty-two years of age. *See* Pl.'s Resp. to Summ. J. at 2.

Plaintiff's former position was filled by a person who was fifty-one years old, and had been a long-time employee of the City. *See* Thompson Aff. at ¶ 6.

### DISCUSSION

Summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is allowed where the evidence demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A motion for summary judgment may be granted when the moving party carries its burden of showing that no triable issue of fact exists. *See Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir.1990); *Perri v. Coughlin*, No. 90–CV–1160, 1998 WL 542333, at *1 (N.D.N.Y.1998). In light of this burden, any inferences to be drawn from the facts must be viewed in a light most favorable to the non-moving party.

1. Plaintiff filed three different actions against the City, each of which contained essentially the same allegations. On April 10, 1996, pursuant to Federal Rule of Civil Procedure 42(a), Magistrate Judge Gustave J. DiBianco ordered the three actions consolidated. The first action, No. 96–CV–402, commenced by filing of a pro se civil rights complaint form, failed to state the statute under which the action was brought. The court construes this first action as an age discrimination claim pursuant to 42 U.S.C. § 1983 ("section 1983"). The second action, No. 96–CV–403, was purportedly commenced pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The third action, No. 96–CV–553, was commenced pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"). Because plaintiff's three actions have been consolidated, the court will refer to each as a claim.

2. Plaintiff alleged in his complaints that the waiver was not granted because of his age. However, throughout his deposition and responsive papers, plaintiff has stated that the City's failure to grant him a waiver was due to political reasons. *See* Pl.'s Dep. at 21–22, 31–32, 55–56, 64, 67–69, 71–72; Pl.'s Resp. to Summ. J. at 2.

*See Thompson,* 896 F.2d at 720; *United States v. Diebold, Inc.,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) (per curiam). If the moving party meets its burden, the burden shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e). "The court's function is not to resolve the disputed issues of material fact but only to determine whether there is a genuine issue of material fact to be tried." *Fischl v. Armitage,* 128 F.3d 50, 55 (2d Cir. 1997). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

Furthermore, in recent discrimination cases, the Second Circuit has made clear that "summary judgment may not be granted simply because the court believes that the plaintiff will be unable to meet his or her burden of persuasion at trial." *Danzer v. Norden Systems, Inc.,* 151 F.3d 50, 54 (2d Cir.1998); *see also Stern v. Trustees of Columbia Univ.,* 131 F.3d 305, 312 (2d Cir. 1997). Rather, the evidence must be lacking in support of the plaintiff's case, "or the evidence must be so overwhelmingly tilted in one direction that any contrary finding would constitute clear error." *Danzer,* 151 F.3d at 54.

**3.** In this complaint, plaintiff alleged termination by the City because of age, and also stated that "the Syracuse Police were used illegally to spy on me." 96–CV–1998 Compl. at 2. Plaintiff has failed, since filing the complaint, to articulate in any way how the police spied on him, or during what time period this occurred. From a review of the record, the City did state that at least one employee, who did not work for the police, investigated whether or not plaintiff was in fact living at the Syracuse address where plaintiff claimed to legally reside. *See* Thompson Aff. at ¶ 4. In his opposition papers, plaintiff failed to address the City's arguments that this claim should be dismissed. However, the spying allegation is located in the same paragraph as plaintiff's allegation of age discrimination in violation of his civil rights. *See* 96–CV–402 Compl. at 2. As such, the court presumes that the spying incidents are related to the alleged age discrimination by defendant.

**4.** The Second Circuit has yet to determine whether the ADEA is the exclusive federal remedy for age discrimination, thereby preempting

## A. PLAINTIFF'S CIVIL RIGHTS CLAIM

Plaintiff's first action, 96–CV–402, is construed by the court to be a civil rights claim under 42 U.S.C. § 1983.[3] Even if the court was to accept that an age discrimination claim could be brought under section 1983,[4] it is clear that the statute of limitations on the claim expired prior to plaintiff's commencement of this suit.

In section 1983 actions, the applicable statute of limitations is found in the general or residual statute of the state for personal injury actions. *See Owens v. Okure,* 488 U.S. 235, 249–50, 109 S.Ct. 573, 581–82, 102 L.Ed.2d 594 (1989); *see also Ormiston v. Nelson,* 117 F.3d 69, 71 (2d Cir.1997). Thus, in this case, New York's three-year statute of limitations for unspecified personal injury actions applies. *See* N.Y. C.P.L.R. § 214(5). "Federal law governs the determination of the accrual date (that is, the date the statute begins to run) for purposes of the statute of limitations in a section 1983 action." *Ormiston,* 117 F.3d at 71. The statute of limitations accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of New York,* 632 F.2d 185, 191 (2d Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67

age discrimination claims brought pursuant to section 1983. *See Natale v. Town of Darien,* No. CIV. 3:97CV583 (AHN), 1998 WL 91073, at *2 (D.Conn.1998). District courts in this circuit are split on the issue. *Compare Reed v. Town of Branford,* 949 F.Supp. 87 (D.Conn.1996) (ADEA did not preempt claims of age discrimination under § 1983) *and Jungels v. State Univ. College of New York,* 922 F.Supp. 779, 785 (W.D.N.Y. 1996) (no preemption "when the § 1983 claims are based on substantive rights distinct from those established under the ADEA"), *with Gregor v. Derwinski,* 911 F.Supp. 643, 651 (W.D.N.Y. 1996) (ADEA provides "exclusive remedy for age discrimination"), *and Reale v. Jenkins,* No. 92 Civ. 7234(LJF), 1993 WL 37091 (S.D.N.Y.1993) (ADEA is exclusive federal remedy for age discrimination).

In the present case, the court declines to determine whether or not the ADEA preempts plaintiff's section 1983 action for, as will be discussed, even if the court did find that a separate section 1983 action was not preempted, the statute of limitations on such claim expired prior to the commencement of the action.

L.Ed.2d 347 (1981) (internal quotation marks omitted).

■ In the present case, the cause of action accrued no later than the date of plaintiff's termination, which is primarily the conduct of which plaintiff complains. Plaintiff's complaint stated that he was terminated by the City on August 15, 1992. *See* 96–CV–402 Compl. at 2. Thus, plaintiff was required to commence his section 1983 action within three years of that date. However, plaintiff did not commence the action until March 4, 1996, approximately seven months after the statute of limitations had run out. Accordingly, because the action is time-barred, the City's motion is granted, and the action is dismissed.

## B. PLAINTIFF'S TITLE VII CLAIM

■ Plaintiff's second action, 96–CV–403, was purportedly brought pursuant to Title VII.[5] However, Title VII only proscribes discrimination based on race, color, religion, sex or national origin. *See* 42 U.S.C. § 2000e–2(a)(1). Because Title VII does not apply to age-related discrimination, the City's motion is granted, and plaintiff's Title VII action is dismissed.

## C. PLAINTIFF'S ADEA CLAIM

Plaintiff's third action, 96–CV–553, was filed pursuant to the ADEA. The City's allegedly discriminatory discharge occurred after plaintiff turned forty, thus bringing him within the scope of age protected by the statute. *See Austin v. Ford Models, Inc.*, 149 F.3d 148, at 152 (2d Cir.1998) (citing *Johnson v. Mayor of Baltimore*, 472 U.S. 353, 355, 105 S.Ct. 2717, 86 L.Ed.2d 286 (1985)). To establish a prima facie case of age discrimination, a plaintiff must show that: (1) he was in the protected age group; (2) he was qualified for the position; (3) his employment was termi-

nated; and (4) the termination occurred under circumstances giving rise to an inference of discrimination. *See Austin*, 149 F.3d at 153; *Norton v. Sam's Club*, 145 F.3d 114, 118 (2d Cir.1998); *Woroski v. Nashua Corp.*, 31 F.3d 105, 108 (2d Cir.1994). If a plaintiff is able to make such a showing, "the burden shifts to the employer to articulate a legitimate, non-discriminatory purpose for its adverse employment action." *Austin*, 149 F.3d at 153. *See also Woroski*, 31 F.3d at 108. "Any such stated purpose is sufficient to satisfy the defendant's burden of production . . . ." *Austin* 149 F.3d at 153. "If the employer satisfies that burden, the plaintiff may still prevail, but only if the employer's proffered reasons are shown to be a pretext for discrimination." *Id.* (internal quotation and citation omitted). To show this, a plaintiff must demonstrate that the reason offered was false, and that discrimination was the true motivation. *See id.; see also Fisher v. Vassar College*, 114 F.3d 1332, 1339 (2d Cir. 1997) (en banc), *cert. denied,* —— U.S. ——, 118 S.Ct. 851, 139 L.Ed.2d 752 (1998).

■ Defendant moves for summary judgment arguing that plaintiff failed to make out a prima facie case of age discrimination. First, defendant argues that plaintiff failed to show the second element of a prima facie case, that he was qualified for the position. Alternatively, defendant argues that even if plaintiff did make out a prima facie case, the City has proffered a legitimate, non-discriminatory reason for firing plaintiff, and he has failed to come forward and show that the proffered reason was a pretext for age discrimination. In opposition, plaintiff submits an unsworn four page hand written letter, which does not address defendant's arguments.

Plaintiff has failed to make out a prima facie case. Although it is clear that he was

---

**5.** Plaintiff commenced this action by filing a pro se Title VII complaint form. Paragraph 5 of this complaint contained a pre-printed check-off list of discriminatory conduct, any one of which could have been marked. However, as Title VII does not pertain to age, there was no check-off option for this type of discrimination. Yet, plaintiff manually inserted "age" under the pre-printed list, and then marked this newly listed item as the basis for his Title VII action. *See* 96–CV–403

Compl. at ¶ 5. Furthermore, plaintiff stated in his complaint that he received a right-to-sue letter (for the Title VII claim) from the United States Equal Employment Opportunity Commission ("EEOC")on December 6, 1995. *See id.* at ¶ 10. However, it appears plaintiff was mistaken, as the only EEOC letter which he apparently received pertained to his complaint of age discrimination under the ADEA, not under Title VII. *See* Rutigliano Aff. Ex. C.

in the protected age group and was fired, plaintiff has failed to show that he was qualified for the position. The City's charter required that employees reside within Syracuse. *See* Syracuse City Charter § 8–112. At the time of plaintiff's termination, he did not reside within Syracuse, and admits as much. *See* Pl.'s Resp. to Interrogs. at ¶ 33; Pl.'s Dep. at 17, 23–28. Because plaintiff is unable to show that he was qualified for the position, he has not made out a prima facie case, and his ADEA claim fails.

 The court notes that even if plaintiff was able to make out a prima facie case, defendant has come forward and articulated a legitimate, non-discriminatory reason for firing him; mainly, that plaintiff did not meet the residency requirements mandated by law. In order to defeat this summary judgment motion, plaintiff must then show "that there is a material issue of fact as to whether (1) the employer's asserted reason for discharge is false or unworthy of belief *and* (2) more likely than not the employee's age was the real reason for the discharge." *Woroski,* 31 F.3d at 108–09 (emphasis in original) (citing *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993); *Gallo v. Prudential Residential Servs., Ltd. Partnership,* 22 F.3d 1219, 1225 (2d Cir.1994)). Having thoroughly reviewed the file and plaintiff's papers it is clear that there has been no such showing.[6] Accordingly, even if the court was to determine that plaintiff had made out a prima facie case, which he did not, plaintiff has failed to come forward and show a material issue of fact as to whether or not age discrimination was the real reason for his discharge. The City's motion for summary judgment on this claim is granted, and plaintiff's ADEA claim is dismissed.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that defendant's motion for summary judgment is GRANTED in the entirety, and plaintiff's actions are DISMISSED.

IT IS SO ORDERED.

6. In his opposition letter, plaintiff, in conclusory fashion, states that the "City had been trying to get rid of older employees (tier 1 & tier 2s [sic] ) by offering early retirements for the past few years. If they could fire a 52 year old tier 1 (myself), they wouldn't have to offer anything." Pl.'s Letter in Opposition at 2. Plaintiff also states that waivers of the residency requirement were given to some employees, but not to him. Plaintiff states that "it was a political decision because about a dozen waivers were granted ... and more favored workers are getting them." *Id.* Significantly, however, plaintiff fails to show that the grant or failure to grant residency waivers was related in any way to the age of the persons seeking them.