**Stuart KERN, Plaintiff,**

v.

**BROOKHAVEN NATIONAL LABORATORY and Donald Fleming, Defendants.**

**No. CV 01–7320.**

United States District Court, E.D. New York.

Nov. 21, 2003.

Somma, Zabell & Associates, LLP by Saul D. Zabell, Esq., Farmingdale, NY, for Plaintiff.

Seyfarth Shaw, By Leonard A. Colonna, Esq., New York City, for Defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is an employment discrimination case alleging violations of the Age Discrim-ination in Employment Act of 1967, 29 U.S.C. § 631 ("ADEA") and a parallel pro-vision of New York state law, see N.Y. Exec. L. §§ 296 and 297. Presently be-fore the court is the Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the mo-tion is denied.

## BACKGROUND

### I. *Factual Background and Defendants' Motion*

The deposition testimony and other un-controverted documents submitted in sup-port of and in opposition to the motion reveal the following facts. Plaintiff Stuart Kern ("Plaintiff") was first employed at the Brookhaven National Laboratory ("Brookhaven Lab" or "Defendant") as a Programmer Analyst in 1962. He left De-fendant's employ five years later. There-after, Plaintiff worked at various compa-nies and ran his own consulting business for several years. In 1990, Kern returned to work at Brookhaven Labs as an Ad-vanced Programming Analyst. At the time of his return, Kern was fifty years old.

Kern remained at Brookhaven until 1999, when he volunteered to take part in a reduction in force. Kern alleges that prior to leaving Brookhaven Labs he was a victim of age discrimination that led to intolerable working conditions. He fur-ther alleges retaliation as a result of com-plaining about those conditions. Kern characterizes his leaving Brookhaven as a constructive discharge brought about by the unlawful working conditions imposed upon him by his supervisor. Defendants, on the other hand, allege that Kern volun-tarily left his position and that he can prove neither retaliation nor constructive

discharge. Accordingly, Defendants move for summary judgment dismissing the complaint.

## DISCUSSION

### II.  *Legal Principles*

#### A.  *Standards For Summary Judgement*

A motion for summary judgment is properly granted only if the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FRCP 56(c); *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking judgment bears the burden of demonstrating that no issue of fact exists. *McLee v. Chrysler Corp.* 109 F.3d 130, 134 (2d Cir.1997). However, when the nonmoving party fails to make a showing on an essential element of its case with respect to which it bears the burden of proof, summary judgment will be granted. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party resisting summary judgment must not only show a disputed issue of fact, but it must also be a material fact in light of substantive law. Only disputed facts that "might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 242, 106 S.Ct. 2505.

Summary judgment is not defeated by vague assertions of unspecified disputed facts. *Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir.1990). Moreover, in the context of a case alleging employment discrimination, conclusory allegations of discrimination are insufficient to defeat summary judgment. *Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir.1985). While summary judgment may be inappropriate where intent and state of mind are implicated, "the mere incantation" of these issues does not "operate as a talisman to defeat an otherwise valid motion."

"The salutary purposes of summary judgment—avoiding protracted, expensive and harassing trials—apply no less to discrimination cases than to commercial or other areas of litigation." *Id.see also Weinstock v. Columbia University,* 224 F.3d 33, 41 (2d Cir.2000). Nonetheless, the Second Circuit has recently reminded district courts that "careful scrutiny of the factual allegations may reveal circumstantial evidence to support the required inference of discrimination." *Graham v. Long Island Railroad,* 230 F.3d 34, 38 (2d Cir.2000).

#### B.  *Elements of an ADEA Claim*

The ADEA makes it unlawful for an employer to discriminate against employees that are at least forty years of age, on the basis of age. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 140–41, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *see* 29 U.S.C. § 623(a)(1). A plaintiff alleging disparate treatment based upon age must show that age actually motivated the employer's action, that "the plaintiff's age must have 'actually played a role in [the employer's decisionmaking] process and had a determinative influence on the outcome.'" *Reeves,* 530 U.S. at 141, 120 S.Ct. 2097, quoting, *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993).

Plaintiff's *prima facie* ADEA claim requires a showing: (1) that plaintiff was a member of the class sought to be protected by the ADEA; (2) that he was qualified for the position; (3) that he experienced an adverse employment action, (4) under circumstances giving rise to an inference of discrimination. *Carlton v. Mystic Transp., Inc.,* 202 F.3d 129, 134 (2d Cir.2000); *Brennan v. Metropolitan Opera Ass'n, Inc.,* 192 F.3d 310, 317 (2d Cir.

1999). While evidence that plaintiff was replaced by a younger individual is a "valuable indicator" of age discrimination, a plaintiff need not show, as part of the *prima facie* case, that he was replaced by a someone younger than he. *Brennan*, 192 F.3d at 317.

## C. *Burden Shifting Analysis*

Claims of employment discrimination brought pursuant to Title VII are subject to the burden shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *see Reeves*, 530 U.S. at 140, 120 S.Ct. 2097 (assuming that *McDonnell Douglas* framework applies to ADEA cases); *Brennan v. Metropolitan Opera Assoc., Inc.*, 192 F.3d 310, 316 (2d Cir. 1999) (same).

Under the *McDonnell Douglas* analysis, the plaintiff bears the burden of production in establishing a *prima facie* case of discrimination. The burden of production then shifts to defendant to offer a non-discriminatory reason for the employment action. Once this reason is established, the presumption of discrimination arising with the establishment of the prima facie case drops from the matter. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 510–11, 113 S.Ct. 2742, 2748–49, 125 L.Ed.2d 407 (1993); *Weinstock*, 224 F.3d at 42. Thereafter, it is for the plaintiff to show that the reason offered by defendant is a pretext for discrimination. *See Reeves*, 530 U.S. at 148, 120 S.Ct. 2097. Plaintiff's final burden of showing pretext may be satisfied either by the introduction of additional evidence or by reliance on the evidence submitted in support of the *prima facie* case of discrimination. *See id.*

To avoid summary judgment, plaintiff's evidence must be "sufficient to support a rational finding that the legitimate, non-discriminatory reasons proffered by the [employer] were false, and that more likely than not [discrimination] was the real reason" for the action taken. *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir.1996), quoting, *Woroski v. Nashua Corp.*, 31 F.3d 105, 110 (2d Cir.1994). The determination of whether summary judgment is appropriate is case-specific. The court must examine the entire record to determine whether the plaintiff "could satisfy the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff." *Schnabel v. Abramson*, 232 F.3d 83, 90–91 (2d Cir.2000), quoting, *Reeves*, 530 U.S. at 143, 120 S.Ct. 2097.

## III. *Disposition of the Present Motion*

### A. *Plaintiff's Prima Facie Case*

Plaintiff's burden of establishing a *prima facie* discrimination case has been described as "de minimus." *Brennan*, 192 F.3d at 316–17, quoting, *Chambers v. TRM Copy Centers*, 43 F.3d 29, 37 (2d Cir.1994); *see also Graham*, 230 F.3d at 38 (evidence required to satisfy *prima facie* case at summary judgment stage is "minimal"). In view of this light burden, the court holds that a *prima facie* case has been established. Plaintiff has clearly established that he falls within the class of individuals protected by the ADEA—he was fifty-nine years old when he left the Brookhaven Lab. Plaintiff's allegation of constructive discharge and intolerable working conditions satisfy the elements of adverse employment action leading to an inference of discrimination.

Defendants dispute the factual underpinnings of Plaintiff's claims. According to Defendants, the conditions under which Plaintiff worked never rose to the level required to show constructive discharge. Defendants further allege that the only

reason that Plaintiff left his position with Brookhaven Labs was because he feared termination before the vesting of his medical benefits.

While Defendants dispute the facts of the incidents relied upon by Plaintiff, the fact-finding required to accept Defendants' version of the events is not an exercise that may be carried out in the context of a motion for summary judgment. The ultimate question for the court is whether, upon examination of the entire record, Plaintiff "could satisfy the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff." *Schnabel v. Abramson*, 232 F.3d 83, 90–91 (2d Cir.2000), quoting, *Reeves*, 530 U.S. at 143, 120 S.Ct. 2097.. The court cannot say, at this juncture, that Plaintiff cannot satisfy this burden. Accordingly, the motion for summary judgment dismissing Plaintiff's claim of employment discrimination is denied. The court similarly denies the motion to dismiss the New York State Human Rights Law claim at this time. Defendants may renew their request for summary judgment at the close of the Plaintiff's case.

### CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is denied. The Clerk of the Court is directed to terminate the motion.

SO ORDERED.