15-3465-cv
*Forte v. Liquidnet Holdings, Inc., et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand seventeen.

PRESENT:    JOHN M. WALKER, JR.,
            DENNY CHIN,
            SUSAN L. CARNEY,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LUGENE A. FORTE,
                    *Plaintiff-Appellant*,

                    v.                                    15-3465-cv

LIQUIDNET HOLDINGS, INC., SETH MERRIN,
                    *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        JAMES G. MCCARNEY, Law Offices of James
                                G. McCarney, New York, New York.

FOR DEFENDANTS-APPELLEES:    A. MICHAEL WEBER (Joshua D. Kiman, *on the brief*), Littler Mendelson, P.C., New York, New York.

Appeal from the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Lugene A. Forte appeals from a judgment of the district court entered September 30, 2015 in favor of defendants-appellees Liquidnet Holdings, Inc. ("Liquidnet") and Seth Merrin, dismissing her claims of gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*   By Memorandum and Order dated September 30, 2015, the district court granted defendants' motion to preclude plaintiff's expert report pursuant to Federal Rule of Evidence 702 and for summary judgment pursuant to Federal Rule of Civil Procedure 56.   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Forte was employed at Liquidnet from December 2011 until she was discharged in November 2013.   Liquidnet is majority-owned and controlled by Merrin, its Chief Executive Officer.   During the relevant time period, Forte served as the Head of

2

U.S. Sales and Trading and later as the Head of the Global Performance Team.

Forte alleges she was dismissed because of her gender.   Defendants argue Forte's termination was based solely on her performance and had nothing to do with her gender.   We address in turn Forte's claims on appeal that the district court: (1) abused its discretion in excluding her expert evidence of a pay disparity in Liquidnet's sales department, and (2) erred in granting summary judgment.

**1.** *Motion to Exclude*

We review a district court's decision to exclude expert testimony for abuse of discretion.   *See Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002).   On appeal, Forte argues the district court abused its discretion in excluding the report prepared by her expert, Christopher Erath, Ph.D.

Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert testimony, provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.   In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court charged trial judges with the responsibility of acting as gatekeepers to

exclude unreliable expert testimony.   Accordingly, district courts must "make certain that an expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."   *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The district court did not abuse its discretion in excluding the Erath report under Rule 702, on the grounds that the report was not the product of reliable principles and methods.   First, as Dr. Erath admitted, he did not independently verify any of the data he used in the report -- he simply input the numbers he was given by Forte and used them to calculate pay discrepancies.   A failure to validate data by itself can constitute grounds for excluding an expert report.   *See, e.g.*, *Munoz v. Orr*, 200 F.3d 291, 301-02 (5th Cir. 2000) (noting that an expert's reliance on data provided by a plaintiff, without conducting independent verification, gives rise to "common-sense skepticism" regarding the expert's evaluation).   Second, Dr. Erath did not control for any variable other than gender when measuring pay disparities.   To determine whether gender actually causes a pay discrepancy, Erath should have performed a regression analysis to control for other variables such as seniority, productivity, education, experience, or performance reviews, which might have independently affected compensation.   *See, e.g.*, *Ste. Marie v. E. R. Ass'n*, 650 F.2d 395, 400 (2d Cir. 1981) (finding statistically significant correlation between gender and pay disparity insufficient to prove discrimination, where analysis failed to account for other contributing variables); *see also*

4

*Tagatz v. Marquette Univ.*, 861 F.2d 1040, 1044 (7th Cir. 1988) (describing the importance of controlling for alternative independent variables when using statistical evidence in Title VII pay disparity cases). Statistical analyses that make "no effort" to control for non-discriminatory causes of pay disparities are generally inadmissible in Title VII cases. *See, e.g., Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 450 (2d Cir. 1999).

Moreover, the district court did not abuse its discretion in concluding that the report was of little relevance to Forte's claims, because Dr. Erath analyzed purported pay disparities only among employees with a lower level of seniority than Forte. *See* Fed. R. Evid. 403.

## 2. *Motion for Summary Judgment*

"We review *de novo* the district court's grant of summary judgment, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in her favor." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013). A district court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We ask whether "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). On appeal, Forte argues the district court erred in granting summary judgment on her gender discrimination claims.

We generally analyze gender discrimination claims under the *McDonnell Douglas* burden-shifting framework. *See Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 74-75 (2d Cir. 2016) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under that framework, once the plaintiff demonstrates a *prima facie* case of discrimination, the burden shifts to the defendant to provide a legitimate, non-discriminatory reason for its actions. *See id.* at 75. If the defendant makes such a showing, "the plaintiff's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination." *Id.* (quoting *Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004)). In other words, to survive summary judgment, a plaintiff must come forward with evidence to support the conclusion that the defendant's proffered reason is a pretext for discrimination. *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam); *Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 211 (2d Cir. 2006).

Assuming Forte demonstrated a *prima facie* case of gender discrimination, defendants presented substantial evidence that they fired Forte for performance issues. Indeed, defendants presented affidavits and deposition testimony from many of Forte's supervisors and subordinates attesting to various shortcomings in her performance; they also provided contemporaneous documentation of her colleagues' concerns.

Forte also argues that she was paid less than other, similarly situated male employees, and that the district court used the wrong comparators when assessing her

6

pay disparity claim. This argument fails. Whether two employees are similarly situated is a question of fact for the jury, but the plaintiff bears the burden of proving that the comparator is appropriate. *Brown v. Daikin Am., Inc.*, 756 F.3d 219, 230 (2d Cir. 2014). Forte has failed to produce any evidence that her proposed comparators were appropriate. Alfred Eskandar, her predecessor as head of U.S. Sales, had spent over a decade at Liquidnet, while Forte herself was newly hired. Eskandar's base salary was not considerably higher than Forte's, and Forte has introduced no evidence to rebut Liquidnet's argument that this difference was attributable to Eskandar's longer tenure. Forte's other proposed comparators are even less plausible. She claims that she should have earned as much as the head of Liquidnet's Global Performance Team and her successor as head of U.S. Sales combined, because she had previously performed both men's jobs on her own. But the record does not support this contention: Forte was transferred from U.S. Sales to the Global Performance Team, and terminated shortly thereafter. She never performed both roles concurrently for a meaningful period of time.

Forte's allegations of discriminatory treatment are not supported by evidence of pretext from which a rational fact-finder could conclude that Forte was terminated for discriminatory reasons. Reliance on conclusory statements or mere allegations is not sufficient to defeat summary judgment. *See McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 215 n.4 (2d Cir. 2006) (citing *Ying Jing Gan v. City of N.Y.*, 996 F.2d

7

522, 532 (2d Cir. 1993)).   For example, while Forte conclusorily alleges in her appellate brief that women were "treated as second class citizens" and were subjected to Merrin's "sexist attitudes," Appellant's Br. at 3, she does not cite to any concrete evidence in the record to support the allegations.   In contrast, defendants submitted affidavits from employees, including women, specifically refuting the claims.   In addition, Forte states in conclusory fashion that she was "excluded" from board meetings once she complained about the firm's maternity leave policy, but she provides no details and cites no evidence that she was ever excluded from board meetings, let alone that she was excluded for gender-based reasons.   Forte also relies on Merrin's single off-color reference to a Saturday Night Live spoof that included a sexist phrase, but it is undisputed that this comment was not directed at Forte and Forte has not pointed to any evidence that she was even present when it was made.

Even assuming Forte has presented some evidence of discrimination, she has not presented "'sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by the [defendant] were false, and that more likely than not [discrimination] was the real reason for the [employment action].'"   *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000) (quoting *Woroski v. Nashua Corp.*, 31 F.3d 105, 110 (2d Cir. 1994)).   Considering the record as a whole, we conclude a reasonable jury could not find that Forte was discriminated against on the basis of her gender.

Forte also argues that, at a minimum, the case should be remanded for the

8

district court to reconsider her NYCHRL claims.   The district court held that Forte had waived her NYCHRL claims by confining her analysis on summary judgment to a single footnote.   And, as Forte admits on appeal, her "argument" regarding these claims was merely a recitation of the relevant standard of review.   Although in *Mihalik* we instructed district courts that the standard for liability is broader under the NYCHRL and that courts must analyze NYCHRL claims separately and independently from any federal and state law claims, *Mihalik*, 715 F.3d at 109, in this case we cannot fault the district court for what is indeed a cursory analysis where plaintiff did not engage in the proper analysis herself.   Under these circumstances, we believe the district court's finding of waiver was correct.

We have considered all of Forte's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk