*Ali-Hasan v. St. Peter's Health Partners et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> AMALYA L. KEARSE,
> DENNY CHIN,
> *Circuit Judges*.

_____

SAMER ALI-HASAN, M.D.,

*Plaintiff-Appellant*,

v.                                                                    22-2669

ST. PETER'S HEALTH PARTNERS MEDICAL ASSOCIATES, P.C. and ST. PETER'S HEALTH PARTNERS,

*Defendants-Appellees*.*

_____

For Plaintiff-Appellant:                PHILLIP G. STECK, Cooper Erving & Savage LLP, Albany, NY.

---

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Defendants-Appellees: ADAM P. MASTROLEO (Hannah K. Redmond, *on the brief*), Bond, Schoeneck & King, PLLC, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Samer Ali-Hasan appeals from a judgment of the United States District Court for the Northern District of New York (Mordue, *J.*) granting summary judgment in favor of Defendants-Appellees St. Peter's Health Partners Medical Associates, P.C. and St. Peter's Health Partners ("Appellees"). On appeal, Ali-Hasan pursues a Title VII claim against Appellees for sex discrimination. Ali-Hasan was terminated from his position as a physician after Appellees received an anonymous complaint allegedly accusing Ali-Hasan of sex discrimination. According to Ali-Hasan, Appellees failed to investigate adequately the complaint—in contravention of the procedures delineated in Appellees' governing policies—due to their bias against Ali-Hasan as a male accused of sex discrimination and Appellees used the mere existence of such an accusation as justification to fire him. In Ali-Hasan's view, the accusation that Ali-Hasan engaged in sex discrimination was of such great concern to Appellees that they denied him any modicum of due process in the investigative and adjudicative processes that led to his termination. In ruling on Appellees' motion for summary judgment, the district court held that Ali-Hasan failed to point to evidence sufficient to show a *prima facie* case of sex discrimination. For the reasons set forth below, we affirm the district court's judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

We review a challenge to a district court's "grant of summary judgment *de novo*, resolving all ambiguities and drawing all reasonable inferences" in favor of the party against whom summary judgment was sought. *Woolf v. Strada*, 949 F.3d 89, 92–93 (2d Cir. 2020) (internal quotation marks and citation omitted). A district court's grant of summary judgment should be affirmed "only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* at 93 (internal alterations, quotation marks, and citation omitted). "A genuine dispute as to a material fact exists and summary judgment is therefore improper where the evidence is such that a reasonable jury could decide in the non-movant's favor." *53rd St., LLC v. U.S. Bank Nat'l Ass'n*, 8 F.4th 74, 77 (2d Cir. 2021) (internal quotation marks and citation omitted). To defeat summary judgment, a non-moving party "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion [for summary judgment] are not credible." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993); *see also Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002) ("[R]eliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion.").

Ali-Hasan's sex discrimination claim is subject to the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that framework, the plaintiff bears the initial burden of demonstrating that: "(1) he was within the protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination." *Menaker v. Hofstra Univ.*, 935 F.3d 20, 30 (2d Cir. 2019) (internal alterations, quotation marks, and citation omitted). If the plaintiff satisfies those requirements, "the burden shifts to the defendant to articulate some legitimate, non-discriminatory reason for its action." *Holcomb v. Iona Coll.*, 521 F.3d 130, 138 (2d Cir. 2008) (internal quotation marks and citation omitted). If the defendant

does so, the plaintiff is no longer entitled to a presumption of discrimination, but "may still prevail by showing . . . that the employer's determination was in fact the result of [the prohibited] discrimination." *Id.*

Ali-Hasan has failed to meet his *prima facie* burden. First, Ali-Hasan has not presented sufficient evidence from which a reasonable jury could find that he was qualified for the position at issue. Ali-Hasan was required to present evidence from which a jury could find that he "met the defendant's criteria for the position," *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 127 (2d Cir. 2004). Ali-Hasan's employment agreement, which was in effect at the times of his hiring and his termination, designates board certification in interventional cardiology as a qualification for the position. Yet, Ali-Hasan was not board certified in interventional cardiology at any point during his employment. Ali-Hasan's assertion that he was qualified irrespective of this contractual requirement is insufficient to raise an issue for trial, as "[w]hether job performance was satisfactory depends on the employer's criteria for the performance of the job—not the standards that may seem reasonable to the jury or judge." *Thornley v. Penton Publ'g, Inc.*, 104 F.3d 26, 29 (2d Cir. 1997); *see also Woroski v. Nashua Corp.*, 31 F.3d 105, 109–10 (2d Cir. 1994) (noting that "*some* evidence is not sufficient to withstand a properly supported motion for summary judgment") (emphasis in original).

Next, even assuming that a reasonable jury could find that Ali-Hasan was qualified, his *prima facie* case still fails on the fourth prong, i.e., whether the circumstances of the adverse employment action Ali-Hasan suffered give rise to an inference of sex discrimination. Ali-Hasan's attempt to rely on our precedent in *Menaker v. Hofstra University* is unavailing in these circumstances. In that case, the plaintiff was terminated from his position at Hofstra University after the university received a letter from a female student accusing the plaintiff of sexual

4

harassment. Determining that the only issue on appeal was the fourth element of the plaintiff's *prima facie* case, we held that "where a university (1) takes an adverse action against a student or employee, (2) in response to allegations of sexual misconduct, (3) following a clearly irregular investigative or adjudicative process, (4) amid criticism for reacting inadequately to allegations of sexual misconduct by members of one sex, these circumstances provide the requisite support for a *prima facie* case of sex discrimination." *Menaker*, 935 F.3d at 33. We were also careful to describe the circumstances in which the case arose, noting that "[t]he events at issue occurred against a general background of debate and criticism concerning the handling of allegations of sexual harassment and misconduct by American universities, including Hofstra." *Id.* at 26.

The circumstances of Ali-Hasan's termination are not analogous to those in *Menaker*. Assuming *arguendo* that the theory we articulated in *Menaker* and subsequent cases such as *Vengalattore v. Cornell University*, 36 F.4th 87 (2d Cir. 2022), is applicable outside the educational context, Ali-Hasan has provided no evidence suggesting that Appellees were under "criticism for reacting inadequately to allegations of sexual misconduct by members of one sex." *Menaker*, 935 F.3d at 33. Instead, Ali-Hasan asks us to disregard this element, effectively reading it out of the *Menaker* analysis. We decline this invitation. But, even if we were to do so, Ali-Hasan would not prevail. While a plaintiff asserting a claim of sex discrimination may be able to raise an inference of discriminatory intent by "point[ing] to evidence closely tied to the adverse employment action that could reasonably be interpreted as indicating that discrimination drove the decision," *Sassaman v. Gamache*, 566 F.3d 307, 315 (2d Cir. 2009), Ali-Hasan has not provided *any* such evidence here. Unlike in *Sassaman*, where the plaintiff produced evidence showing that his supervisor made "an invidious comment about the propensity of men to harass sexually their female colleagues," *id.* at 312, nothing in the record here leads to an inference that

5

Ali-Hasan's termination was motivated by sex bias. Thus, Ali-Hasan's framing of the questions on appeal—whether a policy of special vigilance is required in order to invoke *Menaker*, or whether other evidence can create an inference of discrimination—creates a false dichotomy, because his claim fails in either case.

Instead, Ali-Hasan relies on the allegedly "clearly irregular" nature of Appellees' investigation to raise an inference of discrimination. Even assuming *arguendo* that Appellees' investigation was "clearly irregular," Ali-Hasan has no basis for asserting that this factor can, on its own, create such an inference. Under our precedent, to state a *prima facie* case of sex discrimination, Ali-Hasan was required to present evidence that Appellees were under pressure concerning their treatment of sexual misconduct complaints or to provide other evidence from which a court could infer that his termination was motivated by sex bias. *See Menaker*, 935 F.3d at 33; *Sassaman*, 566 F.3d at 315. Because Ali-Hasan failed to do either, the district court properly granted summary judgment in favor of Appellees on the Title VII claim.[1]

*       *       *

We have considered Ali-Hasan's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Given that Ali-Hasan has failed to meet his *prima facie* burden, we decline to consider the parties' remaining questions on appeal—namely, whether Appellees offered a legitimate, non-discriminatory reason for Ali-Hasan's termination and, if so, whether Ali-Hasan demonstrated that such reasons were pretextual.